**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**(Northern Division)**

| | |
|---|---|
| **RICHARD MERRITT, JR.** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| VS. | )   CAUSE NO. 3:20-cv-568-HTW-LRA |
| | ) |
| **ANTHONY CASLER AND** | ) |
| **FORT TRANSFER COMPANY** | ) |
| **AND JOHN DOES 1 – 5** | ) |
| | ) |
| **DEFENDANTS** | ) |

**COMPLAINT FOR DAMAGES**
(JURY TRIAL DEMANDED)

COMES NOW the Plaintiff: Richard Morris Merritt, Jr., by and through his attorney John B. "Ben" Rowley, and files this, his Complaint for Damages against Anthony Casler and Fort Transfer Company, and in support thereof, would show unto the Court as follows, to-wit:

**PARTIES**

1) The Plaintiff, Richard Morris Merritt, Jr., is an adult resident citizen of Hinds County, Mississippi, residing at 1102 Bullrun Drive, Byram, Mississippi 39272.

2) The Defendant, Anthony Casler, is an adult resident citizen of St. Tammany Parish, Louisiana, and may be served with an original summons and copy of this complaint at his address, 28584 Haddad Street, Lacombe, Louisiana 70445.

3) The Defendant, Fort Transfer Company (hereinafter referred to as "Fort Transfer"), is a foreign corporation, existing under and by virtue of the laws of the State of Illinois, whose registered agent for service of process is Roger E. Kahler, 225 South Maple Avenue, Morton, Illinois 61550 or P.O. Box 457, Morton, Illinois 61550.

4) Defendants John Doe 1 – 5 are those putative defendants that may be later named or discovered in this action.

## JURISDICTION AND VENUE

5) All acts and omissions giving rise to this cause of action occurred in Madison County, Mississippi, and this Court has both jurisdiction and venue over the parties and subject matter herein.

6) This Court has diversity jurisdiction under 28 U.S. Code § 1332 because Fort Transfer Company is an Illinois corporation and the amount in controversy in this matter is more than $75,000.00.

## FACTUAL STATEMENT OF THE CASE

7) On or about February 26, 2019, Plaintiff, Richard Morris Merritt, Jr., was travelling North on Interstate 55 near mile marker 114 in Madison County, Mississippi, when his vehicle was violently rear-ended by the 2019 Peterbilt driven by Anthony Casler, causing severe and catastrophic damages to the Plaintiff and his vehicle. After the collision with Plaintiff's vehicle, the Defendant's vehicle continued forward at a high rate of speed and collided with other cars that were slowed in traffic. Plaintiff is not aware of any evidence that Anthony Casler took any action to avoid colliding with these vehicles.

8) During all times herein mentioned, Defendant, Anthony Casler, was the operator and driver of a 2019 Peterbilt truck owned by Fort Transfer.

9) During all times herein mentioned, the Defendant, Fort Transfer, provided the 2019 Peterbilt truck operated by the Defendant, Anthony Casler. The Defendant's truck is a commercial motor vehicle under Title 49 of the Code of Federal Regulations and was engaged in interstate commerce at the time of the collision. Anthony Casler was an employee of Fort Transfer, and he was operating his truck in the regular course of Fort Transfer's business.

## COUNT ONE: NEGLIGENCE

10) Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

11) At the time, and on the occasion in question, Defendant, Anthony Casler, possessed a duty of ordinary care while operating the subject vehicle. Defendant, Anthony Casler, was negligent in the following applicable to the rules of the road and various Federal Motor Carrier Regulations, including but not limited to:

   a) Failing to maintain control of his vehicle; and

   b) Failing to obey the rules of the road; and

   c) Failing to travel at an appropriate speed; and

   d) Failing to keep and adequate lookout; and

   e) Failing to keep a safe distance; and

   f) Operating the vehicle in a careless and/or reckless manner; and

   g) Other possible acts of negligence as will be more fully shown at trial.

12) The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Anthony Casler, and imputed to Defendant, Fort Transfer, proximately caused the collision that is the subject of this litigation. Further, the act(s) and/or omission(s) of these Defendants resulted in the Plaintiff's losses and damages.

(THIS SPACE INTENTIONALLY LEFT BLANK – CONTINUE TO NEXT PAGE)

## COUNT TWO: NEGLIGENT HIRING, RETENTION, SUPERVISION, AND/OR CONTROL OF FORT TRANSFER

13) Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

14) At the time, and on the occasion in question, Defendant Anthony Casler was in the course and scope of his employment with Defendant Fort Transfer. Further, Defendant Fort Transfer was negligent in hiring, training, retaining, supervising and/or controlling its employee, servant, and/or agent, Anthony Casler. Fort Transfer has a duty to exercise ordinary care in the hiring, supervising and training of its employee drivers, as well as in the maintenance of its vehicles. Defendant Fort Transfer breached that duty in the following respects, among others:

   a) Failing to adequately inquire into the competence of employee, agent, or servant, Anthony Casler; and

   b) Failing to adequately train Anthony Casler; and

   c) Failing to adequately service and maintain the subject vehicle in a safe condition; and

   d) Failing to properly supervise Anthony Casler; and

   e) Failing to properly monitor Anthony Casler's operation of the subject vehicle; and

   f) Failing to require Anthony Casler to operate the subject vehicle in a manner consistent with the laws of the State of Mississippi; and

   g) Failing to comply with industry standards and regulations regarding operation of vehicles such as the subject vehicle.

15) The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Fort Transfer, proximately

caused the incident that is the subject of this litigation. Further, the act(s) and/or omission(s) of these Defendants resulted in the Plaintiff's losses and damages.

### COUNT THREE: GROSS NEGLIGENCE, RECKLESS DISREGARD OR RECKLESS AND WANTON CONDUCT OF FORT TRANSFER AND CASLER

16) Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

17) The action(s) and/or omission(s) of Defendant Fort Transfer by and through its employee, servant, and/or agent, Anthony Casler, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant Fort Transfer, by and through its employee, servant, and/or agent Anthony Casler, has actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff herein, and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiff is entitled to recover of punitive damages.

18) Defendant Fort Transfer was grossly negligent inasmuch as it should have been on notice as to any previous negligent act(s) and/or omission(s) of its employee, agent, and/or servant Anthony Casler in the following particulars among others:

    a) Failing to keep a proper lookout; and

    b) Inattention while operating a vehicle; and

    c) Failing to abide by the laws of the State of Mississippi; and

    d) Operating the vehicle in a careless and/or reckless manner; and

    e) Failing to maintain control of his vehicle; and

    f) Failing to take evasive action to avoid the accident in question; and

    g) Other possible acts of negligence as will be more fully shown at trial.

19) The above act(s) and omission(s) constitute gross negligence and were each as proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Fort Transfer, resulted in the Plaintiff's damages.

20) That Defendant, Anthony Casler, the driver of the 2019 Peterbilt, acted with reckless disregard for the safety of others when he did not brake to avoid hitting slowed traffic including Plaintiff, Richard Merritt's, 1995 GMC 1500 pickup truck.

21) Defendant, Anthony Casler's, operation of the 2019 Peterbilt at all times relevant to the collision in this matter was reckless and wanton as he failed to take any reasonable or industry standard steps to mitigate harm to others while he was operating 2019 Peterbilt in an unsafe manner.

### COUNT FOUR: NEGLIGENCE PER SE AS TO FORT TRANSFER AND CASLER

22) Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

23) The act(s) and/or omission(s) of these Defendants, which resulted in the injuries of Richard Morris Merritt, Jr., constitute negligence as a matter of law, inasmuch as state law and the Federal Motor Carrier Regulations require the operators of heavy machinery and equipment to exercise extreme care. Mr. Richard Morris Merritt, Jr., was in the class of persons which the law was designated to protect. Further, the injuries and damages sustained are a type which the statute was designated to prevent.

24) Because the Defendants' act(s) and/or omission(s) constitute negligence as a matter of law, duty and breach of the duty to exercise ordinary care are not questions for the trier of fact. The above act(s) and/or omission(s) constitute negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Fort Transfer, resulted in the Plaintiff's damages.

### COUNT FIVE: RESPONDEAT SUPERIOR AS TO FORT TRANSFER AND CASLER

25) Plaintiff re-alleged and incorporates herein the foregoing allegations of tis Complaint as if set forth herein in their entirety.

26) Defendant, Anthony Casler, was in the course and scope of his employment with Defendant, Fort Transfer, at all relevant times immediately preceding, during and subsequent to the accident in question, and therefore, Defendant, Fort Transfer, is liable for the negligence of its employee, agent and/or servant, Anthony Casler.

### COUNT SIX: SPOILIATION OF EVIDENCE

27) Defendants, by contract, are integrated and responsible thereto. Defendants Anthony Casler and Fort Transfer delivered in Mississippi. All Defendants are in privity of contract and likewise, because the truck in question makes deliveries in Mississippi. All Defendants have a duty to keep said truck parts physically given the serious nature of the accident and injuries to Plaintiff Richard Morris Merritt, Jr. Defendants had a duty to preserve and not destroy evidence which would be unfavorable to their case.

### DAMAGES

28) As a direct and proximate result of the negligence of the Defendants, Anthony Casler and Fort Transfer, as foresaid, Plaintiff, Richard Morris Merritt, Jr., sustained serious injuries to numerous parts of his body including but not limited to his legs, arms, hips, neck, shoulders, and back, including multiple fractured vertebra. Thereafter, he had to undergo a prolonged course of outpatient medical treatment in an effort to be treated for and to recover from his injuries. Plaintiff has incurred substantial hospital, doctor, drug, and other medical expenses to treat the Plaintiff. Plaintiff, Richard Morris Merritt, Jr., has endured extreme physical pain and suffering and, as a result of his injuries, he will be caused to endure pain and suffering in the future. As a direct and

proximate result of the physical injuries sustained by the Plaintiff in the collision, he was incapacitated from pursuing his usual employment and other activities for a period of time, and he may be left with disabilities that will similarly incapacitate him and cause him pain and suffering in the future and may require future medical treatment.

29) Further, Plaintiff, Richard Morris Merritt, Jr., demands for the Defendants:

    a)     Actual, compensatory, statutory, consequential, incidental, and punitive damages in an amount of not less than $750,000.00; and

    b)     Pre-judgment and post-judgment interest as allowed by law; and

    c)     All expenses and costs of this civil action, including an award of attorneys' fees, as allowed by law; and

    d)     An award of taxable costs; and

    e)     Any and all further relief that the Court or jury deem appropriate and just.

30) The Plaintiff, Richard Morris Merritt, Jr., at all times relevant to the occurrence set forth herein, was completely free from any and all negligence in any manner contributing to the injuries as herein complained.

31) Plaintiff, Richard Morris Merritt, Jr., demands judgement of, from, and against the Defendants, Anthony Casler and Fort Transfer, in an amount sufficient to compensate the Plaintiff for the injuries and damages suffered as a direct and proximate cause of the acts and omissions of Anthony Casler and Fort Transfer as herein described.

## **DEMAND FOR A JURY TRIAL**

32) Plaintiff, Richard Morris Merritt, Jr., hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Richard Morris Merritt, Jr., prays that this, his Complaint for Damages, be received and filed and that the Defendants, Anthony Casler and Fort Transfer Company, be served with process of this Court, requiring them to answer or otherwise defend thereto in the delays allowed by law; and that after due proceedings be had, there be judgment herein in favor of the Plaintiff and against the Defendant in the amount of nothing less than $750,000,000.00, or as determined by this Honorable Court, together with attorney's fees, post judgement interest, and all costs of court as compensation for his injuries and damages.  AND, if your Plaintiff has prayed for wrong or insufficient relief, he further prays for any such other general or special relief to which they may be entitled in the premises.

    Respectfully submitted,

    RICHARD MORRIS MERRITT, JR.

    BY:    JOHN B. "BEN" ROWLEY

    /s/ John B. "Ben" Rowley
    OF COUNSEL

JOHN B. (BEN) ROWLEY
Honea Law Firm, PLLC
209 Apache Drive
McComb, MS 39648
Tel: 601-250-5687
Fax: 601-250-5690
MS Bar No. 104243